UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

NICHOLAS CARRINGTON,

      Plaintiff,

v.                                          Case No.:  2:26-cv-337-SPC-NPM

CHARLOTTE COUNTY JAIL *et al.*,

      Defendants.

_____/

## **OPINION AND ORDER**

Before the Court is Plaintiff Nicholas Carrington's Complaint (Doc. 1). Carrington is a pretrial detainee in Charlotte County Jail, and he seeks monetary damages from the county, two county officials, and a contractor providing medical services to inmates. The Court granted him leave to proceed *in forma pauperis*, so it must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

Carrington must correct certain deficiencies in his complaint before the Court can conduct a meaningful review. First, the Complaint does not consistently comply with Federal Rule of Civil Procedure 10, which requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This rule is important. It

enables defendants to respond to each factual claim, which alerts the court and the parties to the factual claims that are in dispute. Carrington partially complies with Rule 10, but his complaint also includes a lengthy unbroken narrative about his 2023 arrest. To proceed with this action, Carrington must organize all his factual allegations into separate, numbered paragraphs as required by Rule 10.

Second, the complaint includes claims arising from two separate circumstances—an arrest on May 15, 2023, and his current stint at Charlotte County Jail beginning on November 1, 2025. Carrington cannot pursue both sets of claims in a single action because they did not arise out of the same transaction or occurrence. *See* Fed. R. Civ. P. 20(a)(2). "A plaintiff may set forth only related claims in one civil rights complaint." *Rosado v. Nichols*, 2:18-CV-195-JES-MRM, 2017 WL 1476255, at *6 (M.D. Fla. 2017). As the Seventh Circuit observed, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits[.]" *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

To continue this action, Carrington must file an amended complaint that states all his factual allegations in separate, numbered paragraphs. The amended complaint may only include claims that arise from a single

transaction or occurrence. To pursue more than one unrelated claim, Carrington must file separate complaints.

Accordingly, it is now

**ORDERED:**

Plaintiff Nicholas Carrington's Complaint (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to send Carrington a civil-rights complaint form. Carrington may file an amended complaint within **21 days** of this Order**. Otherwise, the Court will enter judgment and close this case.**

**DONE** and **ORDERED** in Fort Myers, Florida on February 25, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

3